# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

PAUL DAVID HITE,

Defendant.

**Criminal No. 12-65 (CKK)**

## MEMORANDUM OPINION
(January 24, 2013)

Defendant Paul David Hite is charged by Superseding Indictment with two counts of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b).  Presently before the Court is the Government's [39] Motion *in Limine* to Exclude Testimony from Dr. Fred Berlin.  The Government argues that the opinions Dr. Berlin intends to offer are irrelevant or otherwise inadmissible under the Federal Rules of Evidence.  For the reasons stated below, upon consideration of the pleadings,[1] the Defendant's notice of Dr. Berlin's proposed testimony, the relevant legal authorities, and the record as whole, the Government's motion is GRANTED and Dr. Berlin's testimony is excluded in full.

## I.  BACKGROUND[2]

The facts necessary for the resolution of the Government's motion are undisputed.  Over the course of approximately two weeks in February 2012, the Defendant engaged in a number of online chats and telephone calls with an adult male known to the Defendant as "JP."  JP was an

---

[1] Gov't Mot., ECF No. [39]; Def.'s Opp'n, ECF No. [42]; Gov't Reply, ECF No. [46].

[2] A more extensive recitation of facts can be found in the Court's earlier Memorandum Opinions.  *See generally* 6/30/12 Mem. Opin., ECF No. [15]; 10/9/12 Mem. Opin., ECF No. [24]; 1/13/13 Mem. Opin., ECF No. [51].

alias used by an undercover detective with the Metropolitan Police Department. The Government argues that through his conversations with JP, the Defendant attempted to entice or coerce two minors to engage in illicit sexual activity, namely JP's fictitious three year-old nephew and the twelve year-old daughter of JP's girlfriend. The Defendant's conduct is largely undisputed. The trial will likely turn on the question of intent: did the Defendant intend to entice or coerce the fictitious minors to engage in unlawful sexual activity, or were his conversations with JP merely "fantasies"?

To assist the jury in answering this question, the Defendant plans to call Dr. Federick S. Berlin. Def.'s Summ. of Anticipated Expert Test. ("Def.'s Notice"), ECF No. [36]. Dr. Berlin is a board certified psychiatrist and the Director of the Sexual Behaviors Consultation Unit at Johns Hopkins University Hospital. *Id.* at 1. The Defendant offers Dr. Berlin as an "expert in Psychiatry and Behavioral Sciences, specifically as they relate to sexual behaviors involving a sexual attraction to children." *Id.* The Defendant proffers that Dr. Berlin would offer expert opinions in two general areas: (1) "psychiatric conditions and patterns of behavior clinically associated with sexual attraction to children"; and (2) the fact "that Dr. Hite does not have a psychiatric disorder clinically associated with a desire to have sexual contact with children." *Id.* at 2, 4. The Government does not contest Dr. Berlin's qualifications as an expert in general, although it does challenge his qualification to offer certain discrete opinions. Citing to several Federal Rules of Evidence, the Government argues the proffered testimony is inadmissible.

## II. DISCUSSION[3]

*A.      Preliminary Issues*

Before addressing the substance of the Government's motion, the Court pauses briefly to address two issues: (1) the scope of the record on which the Court bases its decision to exclude Dr. Berlin's testimony; and (2) the nature of the offense with which the Defendant is charged. Pursuant to the schedule for expert disclosures set by the Court, the Defendant filed a five page "Summary of Anticipated Expert Testimony of Dr. Frederick S. Berlin" as required by Federal Rule of Criminal Procedure 16(b)(2)(C). Def.'s Notice, ECF No. [36]. The Defendant maintains that Dr. Berlin has not written "any narrative or expert report[] in this case." Ltr B. Pollack to D. Kent, ECF No. [48-1], at 2. The Defendant further contends that he is not required to produce the results of psychological inventories or evaluations administered to the Defendant, notes taken during the evaluations, or any other documents or materials on which Dr. Berlin intends to rely. *Id.* at 2-3. The Defendant did not attach any of these materials to his opposition to exclude Dr. Berlin's testimony. Moreover, the Government requested a *Daubert* hearing, if the Court intended to allow any portion of Dr. Berlin's testimony, but the Defendant asserted that "a *Daubert* hearing is unnecessary." Def.'s Opp'n at 4. Nor has the Defendant sought to supplement his expert disclosure at any point between filing the disclosure on November 30, the filing of the Government's motion to exclude on December 14, the status hearing held on December 17, or submission of the Defendant's opposition on January 2, 2013. With the trial date of February 4 fast approaching, any attempt to supplement the notice at this point would be unduly prejudicial to the Government. Therefore, in resolving the Government's motion, by the

---

[3]   Given the number of rules at issue in the Government's motion, in lieu of a traditional recitation of the legal standard, the Court shall address the relevant standards in the context of the individual opinions challenged by the Government.

3

Defendant's own choice the Court is confined to relying on the sole source of documentation regarding Dr. Berlin's testimony provided to either the Government or to the Court—the Defendant's notice of expert testimony.

The Court emphasizes this at the outset because the Defendant's characterization of Dr. Berlin's testimony shifts between the notice of expert testimony and the Defendant's opposition, and often within sections of the brief itself. In its discretion, the Court shall preclude the Defendant from offering any opinions from Dr. Berlin that were not disclosed in the notice of expert testimony. The purpose of a Rule 16(b)(1)(C) notice is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Day*, 524 F.3d 1361, 1372 (D.C. Cir. 2008) (quoting Fed. R. Crim. P. 16 advisory comm.'s note). The Defendant's opposition brief materially alters his Rule 16 disclosure regarding Dr. Berlin's most significant opinions, often in contradictory ways. These revisions to Dr. Berlin's opinions impede the Government's ability to prepare for trial; having read the parties' submissions, it is still unclear precisely what opinion Dr. Berlin will offer on various issues. To be clear, this is not a case in which the notice of expert testimony simply did not provide adequate detail, or there are minor variations between the expert disclosure and counsel's characterization of that testimony in the pleadings. The Court is only excluding *new*, material opinions that significantly alter the nature and scope of Dr. Berlin's proposed testimony. The Court further finds each of the newly disclosed opinions are inadmissible under various Federal Rules of Evidence. The portions of Dr. Berlin's testimony properly noticed by the Defendant are likewise excluded pursuant to various Federal Rules of Evidence.

The Court also notes that while the issue of the Defendant's desire to have sexual contact with children as a general concept is relevant to the case, as the Government notes, the Defendant does not have to be sexually attracted to children or possess any intent to have sex with children in order to form the requisite *mens rea* under the Section 2422(b).  In order to return a guilty verdict, the jury must find the Defendant intended to coerce or entice the minors to engage in unlawful sexual activity, specifically, a violation of District of Columbia Code § 22-3008.  In his proposed jury instructions, the Defendant explains that "[u]nder Title 22 of District of Columbia Code Section 3008, it is a crime for any person who is at least four years older than a child to engage in a sexual act with that child, *or to cause a child to engage in a sexual act with any person who is at least four years older than that child*."  Def.'s Proposed Substantive Jury Instruction, ECF No. [45], at 24 (emphasis added).  In other words, even if the Defendant never intended to, and had no desire to, have sexual contact with the minors, he committed the charged offenses if he intended to coerce or entice the minors to have sexual contact *with JP*.  The Court raises this issue simply to provide a more accurate context for questions of whether or not Dr. Berlin's proposed testimony is helpful to the jury and otherwise admissible in this case.

Turning to the merits of the Government's motion, the Court will begin by addressing Dr. Berlin's testimony regarding psychiatric disorders associated with a desire to have sexual contact with children, beginning with his opinion that the Defendant does not meet the diagnostic criteria for psychiatric disorders associated with a desire to engage in sexual activity with children. Within the context of this broader conclusion, the Court will analyze the Government's objections to Dr. Berlin's interpretation of the Defendant's online chats, Dr. Berlin's opinion that the Defendant has no history of sexual contact with children, and any testimony from Dr. Berlin regarding statements made to Dr. Berlin by the Defendant.  The Court will then address the

5

Government's objections to Dr. Berlin's proposed testimony regarding the association between viewing child pornography and actually having sexual contact with a minor. As explained below, none of Dr. Berlin's proposed testimony is admissible.

      B.      *Dr. Berlin's Proposed Testimony that the Defendant Does Not Meet the Diagnostic Criteria for Certain Psychiatric Disorders Is Not Admissible*

The major thrust of Dr. Berlin's testimony is his opinion that, "within a reasonable degree of medical certainty, [] Dr. Hite does not have a psychiatric disorder clinically associated with a desire to have sexual contact with children." Def.'s Notice at 3-4. In reaching this conclusion, Dr. Berlin opines, in relevant part, that: (1) "the Internet chats identified by the government . . . do not reflect efforts by Dr. Hite to engage in sexual contact with an actual child"; and (2) Dr. Berlin has seen no evidence that Dr. Hite has a "prior history as an adult of pedophilic behaviors with a child." *Id.* at 4-5. The Government argues this testimony should be precluded pursuant to Federal Rules of Evidence 401, 404(a)(1), 704(b), and 403. Dr. Berlin also relies on statements made by the Defendant to Dr. Berlin in reaching his conclusion, which the Government seeks to preclude Dr. Berlin from discussing as inadmissible hearsay. The Court will address each of the preliminary opinions before considering Dr. Berlin's ultimate conclusion that the Defendant does not have a psychiatric disorder clinically associated with a desire to have sexual contact with children.

      1.      <u>Dr. Berlin's Proposed Interpretation of the Defendant's Internet Chats Is Inadmissible Pursuant to Federal Rule of Evidence 704(b)</u>

Dr. Berlin intends to offer the opinion that the numerous internet chats between the Defendant and other individuals describing sexual contact with children are "fantasy conversations about 'intergenerational sex,'" that do not "suggest an actual real-life interest in behaving in such a fashion." Def.'s Notice at 5. The Government contends that this testimony is

inadmissible for two reasons: (1) Dr. Berlin is not qualified to interpret the chats, in violation of Rule 702; and (2) Dr. Berlin's proposed "interpretations" would usurp the function of the jury to decide the ultimate issue of the Defendant's intent, in violation of Rule 704(b). The Court finds that even assuming Dr. Berlin is qualified to interpret the chats, his proposed testimony encompasses the ultimate issue in the case and thus is inadmissible under Rule 704(b).[4]

The Federal Rules of Evidence provide that an opinion, including one offered by an expert, "is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). Rule 704(b) provides an exception to this general principle, applicable only in criminal cases: "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Experts may offer testimony in an attempt to negate a defendant's specific intent, but the expert must limit his testimony to "his diagnoses, the facts upon which those diagnoses are based, and the characteristics of any mental diseases or defects the expert[] believe[s] the defendant possessed during the relevant time period, staying clear of directly or indirectly opining on the ultimate issue of specific intent." *United States v. Childress*, 58 F.3d 693, 728 (D.C. Cir. 1995) (citations omitted).

---

[4] In its analysis, the Court does not distinguish the chats between the Defendant and JP and the conversations between the Defendant and other individuals, for two reasons. First, in their briefs, neither party made such a distinction. Second, the purported basis of Dr. Berlin's interpretation of the chats is that none of the other participants were minors. If the jury were to accept Dr. Berlin's testimony that if no minor is participating in the chat, then the chat is simply a "fantasy conversation[] about 'intergenerational sex,'" Def.'s Notice at 5, it would have no choice but to find the Defendant did not have the requisite intent while communicating with JP, even if Dr. Berlin never referenced those conversations in particular. Thus, Dr. Berlin's proposed testimony, even if offered only as to the chats *not* involving JP, would still violate Rule 704(b). *See United States v. Cohen*, 510 F.3d 1114, 1125 (9th Cir. 2007) ("[T]he expert may not draw an inference which would necessarily compel the conclusion that the defendant lacked the requisite *mens rea*.") (citation omitted).

Dr. Berlin proposes to testify that the chats "appear to be communications between consenting adults," and that the chats merely constitute evidence of the Defendant "engaging in fantasy conversations about 'intergenerational sex,'" which "does not suggest an actual real-life interest in behaving in such a fashion." Def.'s Notice at 5. In other words, Dr. Berlin will testify that, in his expert opinion, the Defendant was not "serious" when he, among other things, agreed to meet with JP, asked JP to ask the twelve year-old girl if she was interested in engaging in sex with both adults, or discussed what sexual acts he and JP would perform on the three year-old boy. This is precisely the ultimate issue for the jury to decide: was the Defendant actually intending to coerce the minors to agree to engage in the sexual activity discussed with JP, or were the conversations merely "fantasies"?

For his part, the Defendant defends the admissibility of Dr. Berlin's interpretation of the chats on two grounds: (1) that "Dr. Berlin will testify generally about the role of the Internet in sexual fantasy"; (2) that "he considered the chats . . . in reaching his opinion that Dr. Hite does not display the characteristics of having a psychiatric disorder associated with a desire to have sexual contact with minors." Def.'s Opp'n at 18. Neither contention is persuasive.

a.    The Defendant Failed to Provide Notice of Dr. Berlin's General Testimony Regarding the Internet and Sexual Fantasies as Required by the Federal Rules of Criminal Procedure

First, the Defendant argues that Dr. Berlin's testimony regarding the Defendant's online chats does not violate Rule 704(b) because Dr. Berlin will not interpret the chats, but rather offer general testimony regarding sexual fantasies and the Internet. Wholly absent from the disclosure of Dr. Berlin's expert testimony is any reference to "general" testimony regarding "the role of the Internet in sexual fantasy." In the discussion of his testimony regarding the "clinically significant" behaviors, Dr. Berlin discusses "[s]exual fantasy and/or role-playing," but omits any

reference to fantasy or role-playing on the Internet.  Def.'s Notice at 3.  Dr. Berlin cites two examples of this phenomenon: women who role-play forced sex or rape with a consenting partner, and married men who have sexual fantasies regarding a female friend or neighbor.  *Id*. There is no reference to the Internet.  For that reason, each of the cases the Defendant cites in support of the admission of this testimony is inapposite.

The trial court in *United States v. Curtin*, 588 F.3d 993 (9th Cir. 2009), permitted "a licensed marriage and family therapist" to "explain to the jury Internet 'role playing fantasy' and to state that such an aberration does exist."  *Id.* at 997; *see e.g.*, *United States v. Hofus*, 598 F.3d 1171 (9th Cir. 2010) (noting the trial court permitted the defendant's expert to testify "generally about fantasy-based communications").  Similarly, in *dicta* the Second Circuit urged the trial court upon remand to permit the defendant's expert to "testify about role-playing in the context of sexually explicit conversations on the Internet."  *United States v. Joseph*, 542 F.3d 13, 21 (2d Cir. 2008).  The testimony at issue in each of these cases involved role-playing/fantasies in the context of the *Internet*, and not sexual fantasies generally as proposed by Dr. Berlin's notice of expert testimony.  This distinction is critical because "it is unlikely that the average juror is familiar with the role-playing activity . . . in the specific context of sexually oriented conversation in cyberspace."  *Joseph*, 542 F.3d at 22.  The fact that adults have sexual fantasies or engage in role-playing is not beyond the ken of a reasonable jury, but the fact that individuals may seek out others on the Internet and engage in fantasy-based chats may be a new concept to many jurors.  Dr. Berlin's notice of proposed testimony addresses only the former, not the latter, and is thus not useful to the jury.

Dr. Berlin's Proposed Testimony Regarding the Internet Chats Is Not Admissible Simply Because It Forms Part of Dr. Berlin's Ultimate Conclusion

Second, the Defendant argues that Dr. Berlin's testimony regarding the specific chats involving the Defendant is admissible as part of the foundation for his broader conclusion regarding the Defendant's diagnosis, or lack thereof. Just three pages after disclaiming any attempt by Dr. Berlin to "interpret" the chats, the Defendant essentially retracts the disclaimer, explaining that Dr. Berlin would opine that the chats "do not reflect efforts by Dr. Hite to engage in sexual contact with an actual child." Def.'s Opp'n at 21. This opinion is based at least in part on the fact that none of the participants in the chats appear to be minors. *Id.* The Defendant argues that this opinion is admissible because it is not Dr. Berlin's "ultimate opinion," but merely a factor that is "clinically relevant in reaching his ultimate opinion." *Id.*

An expert's opinion does not suddenly become admissible when incorporated into another, broader opinion. True, Dr. Berlin's "sub-opinions" regarding (1) the Defendant's lack of sexual contact with children in the past (discussed *infra*), and (2) the nature of the Defendant's chats were used by Dr. Berlin to reach his "ultimate opinion" that the Defendant does not have a psychiatric condition associated with a desire to have sexual contact with minors. But, to borrow an analogy employed by Judge Paul L. Friedman, Dr. Berlin's "sub-opinions" and his "ultimate opinion" are "three legs of a stool, and the stool cannot stand unless all three legs are there." *United States v. Day*, 524 F.3d 1361, 1368 (D.C. Cir. 2008). If one opinion (or leg) is deemed inadmissible, the other opinions are properly excluded as well. *Id.* To hold otherwise would eviscerate Rule 704(b); parties would be free to offer testimony from experts explicitly opining that a defendant did or did not have the requisite specific intent, so long as the experts also incorporated that opinion into some broader conclusion.

c.      The Case Law Cited by the Defendant Is Not Persuasive

The Defendant places great weight on two cases purportedly supporting his assertion that Dr. Berlin would not be testifying to the "ultimate issue."  First, the Defendant cites the Seventh Circuit case of *United States v. Gladish*, 536 F.3d 646 (7th Cir. 2008), in which Judge Richard A. Posner indicated in dicta that in a prosecution under section 2422(b), the district court should have permitted a psychologist to testify that "it was unlikely, given the defendant's psychology, that he would act on his intent" to have sexual contact with the minor.  *Id.* at 650.  Without more elaboration from Judge Posner, the relevance of this proposed testimony in a section 2422(b) case is unclear.  *Hofus*, 598 F.3d at 1179 ("*Gladish*'s conclusion appears somewhat inconsistent with an observation the court makes earlier in the opinion, where the court notes that making arrangements to meet can satisfy the substantial step element even though 'it is always possible that had the intended victim been a real girl the defendant would have gotten cold feet at the last minute and not completed the crime even though he was in position to do so.'") (quoting *Gladish*, 536 F.3d at 648-49).  Setting that issue aside, *Gladish* is not helpful to the Defendant because he does not seek to introduce testimony from Dr. Berlin as to whether or not the Defendant was likely to act on a particular intent, but rather *what* intent the Defendant possessed in taking certain actions.  *See* Def.'s Opp'n at 27 ("The question for the jury . . . is what Dr. Hite intended by that conduct.").

Second, the Defendant places great weight on the decision by Judge John D. Bates to admit testimony by Dr. Berlin in *United States v. Beauchamp-Perez*, No. 11-310 (D.D.C. filed Oct. 18, 2011).  In *Beauchamp-Perez*, the defendant was charged with traveling interstate with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).  The defendant engaged in at least one online chat with another individual before traveling.   Although

represented by different counsel and charged under a different statute, Beauchamp-Perez submitted a nearly identical notice of expert testimony with respect to Dr. Berlin. *United States v. Beauchamp-Perez*, No. 11-310, Def.'s Notice of Expert Test., ECF No. [71-2] (D.D.C. filed March 8, 2012). At trial, Judge Bates permitted Dr. Berlin to testify regarding certain issues, including whether or not Beauchamp-Perez's online chat was factual or "fantasy." Gov't Ex. D (4/30/12 PM Tr.) at 62:23-63:10. However, two important distinctions between this case and *Beauchamp-Perez* compel a different result in this case.

Initially, unlike in *Beauchamp-Perez*, Dr. Berlin's testimony regarding the online chats in this case constitutes testimony interpreting the offense conduct. The relevant issue for the jury in *Beauchamp-Perez* was the defendant's intent while travelling interstate. Dr. Berlin did not purport to interpret the Defendant's interstate travel, just chats that took place before that travel. With respect to Dr. Hite, the relevant issue for the jury is the Defendant's intent while chatting with JP, the exact same conduct for which Dr. Berlin intends to offer an opinion. The difference in offense conduct between a prosecution under section 2423(b) and 2422(b) means that an identical expert opinion may be permissible under Rule 704(b) in one case but inadmissible in another, depending on the relevant criminal statute. Dr. Berlin's testimony that Defendant Hite's online chats were merely "fantasy conversations" would directly opine on the ultimate issue of the Defendant's specific intent: whether or not the Defendant intended to coerce or persuade the minors to engage in unlawful sexual activity as discussed in his chats with JP.[5] Therefore, this proposed testimony is inadmissible under Rule 704(b).

Additionally, Beauchamp-Perez sought to admit Dr. Berlin's testimony for entirely

---

[5] Likewise, the Government's decision not to object to particular testimony in a different case involving a different statute does not foreclose the Government from objecting to similar testimony in a subsequent matter, such as this case.

different purposes.  During the motions hearing before Judge Bates, counsel for the Defendant indicated that she intended to introduce Dr. Berlin's testimony to negate the jury's "haunting belief that [the defendant] may be a pedophile."  Def.'s Ex. A at 276:14-17.  By contrast, Defendant Hite has indicated he will *not* ask Dr. Berlin if the Defendant is a pedophile.  Def.'s Opp'n at 13.  Defense counsel for Beauchamp-Perez explicitly stated that she would *not* elicit testimony from Dr. Berlin that individuals that do not satisfy the diagnostic criteria for pedophilia are less likely to have an intention to engage in sexual conduct with a child.  Def.'s Ex. A at 275:1-5.  Defendant Hite has stated the exact opposite; he intends to elicit Dr. Berlin's opinion that the Defendant is less likely to intend to engage in sexual conduct with a child because he does not meet the diagnostic criteria for certain psychiatric disorders, including pedophilia.  Def.'s Opp'n 13.  Judge Bates' decision to admit certain testimony from Dr. Berlin in the *Beauchamp-Perez* case is of limited relevance to the question of whether to admit different testimony for different purposes in a case brought under a different statute.

        d.        Dr. Berlin's Interpretation of the Internet Chats Is Independently Inadmissible Because It Would Confuse the Jury

To the extent Dr. Berlin's proposed testimony regarding the Defendant's online chats does not violate Federal Rule of Evidence 704(b), the testimony is also inadmissible pursuant to Rule 403.  Dr. Berlin concluded the Defendant's online chats were simply "fantasy conversations" because the chat participants were other adults and not minors.  Def.'s Opp'n at 21.  The Court previously ruled that direct communication with a minor is not necessary in order to find the Defendant possessed the relevant *mens rea*.  6/30/12 Mem. Opin. at 15-24.  Expert testimony to the effect that the Defendant did not have the relevant intent because he was not communicating directly with a minor would significantly confuse both the legal standard governing the case and factual question(s) the jury must resolve.  Accordingly, the Court finds

that the probative value of Dr. Berlin's testimony on this issue, even if not improper under Rule 704(b), is substantially outweighed by the risk of confusing and misleading the jury, and therefore is inadmissible pursuant to Federal Rule of Evidence 403.

2. <u>Dr. Berlin's Opinion that the Defendant Has Not Engaged in Sexual Activity with a Child Is Inadmissible Pursuant to Federal Rules of Evidence 404(a)(1) and 403</u>

Pursuant to Rule 404(a), the Government strongly objects to the proposed testimony that, in Dr. Berlin's opinion, the Defendant has never had sexual contact with a child. The parties' arguments on this issue are two ships passing in the night. Federal Rule of Evidence 404(a)(1) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." The Government contends that Dr. Berlin's testimony on this point would amount to evidence the Defendant had no propensity to commit the charged offense, and is thus barred by Rule 404(a)(1). In response, the Defendant argues that pursuant to Rule 404(a)(2)(A), "Dr. Berlin may offer his opinion that Dr. Hite does not possess a relevant character trait: an interest in sexual activity with minors." Def.'s Opp'n at 23.

The Defendant fails to respond to the Government's contention that, Dr. Berlin's overall diagnosis aside, Dr. Berlin's conclusion that the Defendant has never engaged in sexual contact with a child is inadmissible pursuant to Rule 404(a)(1), therefore the Court treats this argument as conceded. *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F.Supp.2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). The Defendant does not contend that "prior sexual contact with a child" is a relevant character trait under Rule

14

404(a)(2)(A).  The Defendant's argument in favor of admitting this specific opinion is based entirely on the fact it is incorporated into Dr. Berlin's "ultimate opinion."  For the reasons explained in Section II.B.1.b., that argument fails.

Assuming *arguendo* that this opinion is admissible under Rule 404(a)(2)(A), the testimony has limited probative value.  As explained *supra*, the likelihood that the Defendant would have actually engaged in sexual conduct with the minors as discussed in the chats with JP is irrelevant.  The offense would have been completed at the point the minors assented to engaging in the unlawful sexual activity, whether with the Defendant or with JP.  The Defendant's past sexual contact with minors (or lack thereof), is relevant only to the extent it is probative of his sexual interest in children, which is probative of his intent to coerce or persuade the minors to engage in unlawful sexual activity.

Counterbalancing the marginal relevance of this testimony is the significant potential for unfair prejudice.  Dr. Berlin's testimony on this point would serve essentially to refute the Defendant's statements in the online chats with JP and other individuals that he has in fact had sexual contact with a minor—the eleven year old son of one of the Defendant's friends.  1/13/13 Mem. Opin. at 16.  While the Government could cross-examine Dr. Berlin on this point, unless the Defendant testifies, the jury would have no opportunity to evaluate the demeanor of the Defendant or independently assess his credibility.  Moreover, whether or not a person actually had sexual contact with a child is a simple factual question a jury is more than capable of deciding.  The defense is attempting to have an expert vouch for the credibility of the Defendant's out-of-court denial of a statement made during the course of the offense conduct without the Defendant having to submit to cross-examination.  The risk of unfair prejudice to the Government substantially outweighs the minimal probative value of Dr. Berlin's opinion that the

Defendant has never engaged in sexual conduct with a child.

        3.      <u>Dr. Berlin's Overall Conclusion that the Defendant Does Not Meet the Diagnostic Criteria for Certain Psychiatric Disorders Is Inadmissible Pursuant to Federal Rules of Evidence 401 and 403</u>

According to the Defendant, Dr. Berlin's "ultimate opinion" is that to a "reasonable degree of medical certainty," the Defendant "does not have a psychiatric disorder clinically associated with a desire to have sexual contact with children." Def.'s Notice at 3-4. In other words, Dr. Berlin would testify to the effect that the Defendant "does not meet the accepted diagnostic criteria for any of the psychiatric conditions that are either directly or indirectly associated with a desire to have sexual contact with children or that may predispose an individual to want to engage in sexual activity with a child." *Id.* at 4. The parties (and the Court) refer to this proposed testimony as a single opinion, but it is in essence two conclusions: (1) the Defendant does not have a psychiatric disorder *characterized by* or indicative of a sexual attraction to children; and (2) the Defendant does not have a psychiatric disorder that would *predispose* the Defendant to intend to engage in sexual activity with minors. The Government argues that this testimony should be excluded as irrelevant, confusing, misleading, and unduly prejudicial.

Having excluded two "clinically significant bases" for Dr. Berlin's opinion, the Court is compelled to exclude Dr. Berlin's opinion that the Defendant does not have a psychiatric condition associated with a desire to have sexual contact with a child. *Day*, 524 F.3d at 1368. The exclusion of the "sub-opinions" also significantly limits the probative value of Dr. Berlin's overall conclusion. The assertion that the Defendant does not have certain psychiatric conditions (and how that relates to the Defendant's desire to have sexual contact with children) is of little use to the jury at the point the Dr. Berlin cannot explain why he reached that conclusion, or be

subject to cross-examination as to two of the "clinically significant" bases for his opinion. Nevertheless, the Court shall evaluate the admissibility of both portions of Dr. Berlin's overall conclusion regarding the Defendant's psychiatric diagnosis.

> a.  Dr. Berlin's Opinion that the Defendant Does Not Have a Psychiatric Condition Characterized by a Desire to Have Sex with a Minor Is Inadmissible Pursuant to Rule 403

The language utilized by the parties is often imprecise, but ultimately the parties agree that one opinion Dr. Berlin proposes to offer is that the Defendant does not have a "clinically diagnosed" desire to have sex with children. *See* Def.'s Opp'n at 25 (noting Dr. Berlin's analysis of the online chats "do[es] not lead him to conclude that Dr. Hite meets the clinical criteria for a diagnosis of a desire to have sex with children"). For the first time in opposition to the Government's motion, the Defendant proffers that Dr. Berlin's opinion that the Defendant does not have a clinical diagnosis of a desire to have sex with children is relevant because Dr. Berlin will also testify that "there is a higher correlation between people who have the clinical diagnosis of having a sexual interest in children and an intent to engage in sex with children than between people who do not have the diagnosis." Def.'s Opp'n at 11.

Though not wholly irrelevant as the Government contends, the probative value of Dr. Berlin's testimony on this point is limited. If the jury were to credit Dr. Berlin's analysis of the Defendant and find that the Defendant does not have a psychiatric condition characterized by a desire to have sex with children, the jury could conclude from Dr. Berlin's testimony that the Defendant is less likely to intend to have sexual contact with children than he would if he suffered from one of the relevant conditions. However, the jury would have no way to evaluate the Defendant's absolute (as opposed to relative) intent to have sexual contact with children. Additionally, Dr. Berlin offers no guidance as to the connection between an intent to have sexual

contact with children and the statutory *mens rea* of an intent to coerce or persuade a minor to engage in unlawful sexual activity.[6]

This is not to say that an expert must testify as to all aspects of the intent inquiry in order to be admissible. But, if an expert offers testimony only as to one issue that is several steps removed from the question of intent the jury must answer, the value of that testimony is reduced. Expert testimony that a defendant as a general matter is less likely to intend to have sex with children is particularly relevant in a case like *Beauchamp-Perez* where the question for the jury is whether the defendant intended to have sex with a child when he took a particular action. By contrast, the same testimony is less helpful to the jury whereas here, the question is whether the defendant intended to persuade or entice a minor to have sex with the Defendant or another adult when the Defendant took certain actions.

Offsetting the limited probative value of this testimony is the fact that Dr. Berlin's testimony regarding the Defendant's lack of relevant psychiatric conditions is likely to distract and/or confuse the jury as to what intent it must find the Defendant actually possessed. The Defendant's psychiatric diagnosis (or lack thereof), is several steps removed from the statutory intent. Moreover, there are numerous diagnostic criteria and relevant behavior disclosed by Dr. Berlin in his notice of expert testimony, Def.'s Notice at 2, which means the jury must evaluate testimony regarding a number of factors to reach a conclusion regarding whether or not the Defendant has a particular psychiatric condition, which itself is only one part of the inquiry into

---

[6] In a single place in his opposition, the Defendant asserts that Dr. Berlin's testimony regarding the Defendant's diagnosis is relevant because "while a person with this diagnosis is more likely to possess the requisite intent to persuade, induce, coerce or entice a minor to engage in unlawful sexual activity, there is no such known correlation for people who do not have this psychiatric disorder." Def.'s Opp'n at 8. The Defendant's Notice does not make (or explain) this claim, nor does the remainder of his brief.

whether the Defendant possessed the *mens rea* specified in the statute. The number of criteria involved in diagnosing a psychiatric disorder characterized by a desire to have sexual contact with a child, combined with the number of steps between a diagnosis and the relevant *mens rea*, creates a significant risk that Dr. Berlin's testimony will confuse and mislead the jury. Accordingly, the potential for unfair prejudice, confusion, and misleading the jury substantially outweighs the limited probative value of Dr. Berlin's proposed conclusion.[7] *See United States v. Godwin*, 399 F. App'x 484, 488 (11th Cir. 2010) ("Testimony on the subject of pedophilia and child predators, moreover, would have confused or misled the jury as to whether Godwin was on trial for being a pedophile or predator rather than for the crime with which he was actually charged.").

Before turning to the second aspect of Dr. Berlin's overall conclusion, the Court notes that Dr. Berlin's opinion regarding the correlation between an intent to have sex with children and particular psychiatric conditions appears nowhere in the Defendant's notice of expert testimony. *Cf.* Def.'s Notice at 2 (describing psychiatric disorders "that are either directly or indirectly associated with sexual attraction to children or that may predispose an individual to want to engage in sexual activity with a minor"). Nor was such a claim implied by the Defendant's notice of expert testimony. The Defendant does not offer any basis for this conclusion, and instead relies on the notion that the fact that pedophiles are more likely to have an intent to engage in sexual conduct with children is "almost definitional." Def.'s Opp'n at 8. Purported obviousness does not relieve the Defendant of the obligation to disclose that his expert

---

[7] The Court would reach the same conclusion even if Dr. Berlin's testimony was considered character evidence pursuant to Rule 404(a)(2)(A): the opinion Dr. Berlin offers is only marginally probative of the Defendant's pertinent trait---namely lack of sexual attraction to children---and the potential for confusing and misleading the jury substantially outweighs the probative value of the evidence.

intends to offer a specific opinion regarding the implications of the fact the Defendant does not have certain psychiatric conditions. Therefore, in its discretion, the Court shall be preclude the Defendant from eliciting this testimony from Dr. Berlin for failing to comply with the requirements of Rule 16(b)(1)(C).

> b. Dr. Berlin's Testimony Regarding the Defendant's Predisposition to Desire to Engage in Sexual Activity with a Minor Is Inadmissible Pursuant to Federal Rules of Evidence 401 and 403

The second aspect of Dr. Berlin's overall conclusion regarding the Defendant's psychiatric condition is that the Defendant "does not meet the accepted diagnostic criteria for any of the psychiatric conditions . . . that may predispose an individual to want to engage in sexual activity with a child." The Defendant cites the Eleventh Circuit's decision in *Godwin* in support of the admission of this testimony. In *Godwin*, in connection with the defendant's entrapment defense, the trial court permitted a defense expert to testify "about whether Godwin was particularly susceptible to inducement while chatting on the internet." *Id.* at 486. The Defendant argues that

> Dr. Berlin will offer the same type of testimony that was allowed in *Godwin*: he will testify that Dr. Hite does not display the characteristics of a psychiatric condition associated with a desire to have sexual contact with a minor that would make him more susceptible to committing a sexual crime against a minor than someone who does not suffer from this condition.

Def.'s Opp'n at 13.

In fact, the Defendant seeks to offer the *inverse* of the testimony admitted by the trial court in *Godwin*. Dr. Berlin will not testify that the Defendant has a condition that makes him *more* susceptible to committing sex crimes like the expert in *Godwin*; he will testify that the Defendant does *not* have a condition making him more susceptible to committing such crimes. The Defendant relies entirely on *Godwin* for the admission of this testimony, and fails to offer

any explanation as to why lacking susceptibility to committing sex crimes involving children is relevant. This omission is particularly striking because the Government does not appear to argue that the Defendant has any condition that might predispose him to commit the charged offense. Moreover the Defendant cannot simply rely on his arguments in support of admitting the other aspect of Dr. Berlin's analysis of the Defendant because there is a qualitative difference between testimony that the Defendant does not have a psychiatric condition *reflecting* a sexual attraction to children and testimony that the Defendant does not have a psychiatric condition that might *cause* him to be more susceptible to committing the charged offense. To the extent Dr. Berlin's testimony that the Defendant does not have a psychiatric condition that would make him more susceptible to committing a sex crime involving a child is relevant, the probative value of that testimony is substantially outweighed by the danger that this testimony would confuse and distract the jury.

        c.      Dr. Berlin's General Testimony Regarding Psychiatric Disorders Is Inadmissible Pursuant to Federal Rules of Evidence 401 and 403

Apart from Dr. Berlin's testimony regarding characteristics of the Defendant personally, he proposes testifying regarding "the clinically significant difference between having a desire to engage in actual sexual contact with minors and those who fantasize or role play involving sexual contact with minors." Def.'s Notice at 2. The Government objected to Dr. Berlin's general testimony on this issue as well as testimony specific to the Defendant, but the Defendant failed to identify in his notice of expert testimony any independent relevance of Dr. Berlin's general testimony regarding this "clinically significant difference." Therefore, for the same reasons the Court excludes Dr. Berlin's testimony regarding the diagnostic criteria as applied to the Defendant, the Court shall exclude Dr. Berlin's general testimony concerning psychiatric disorders. The bottom line is that danger of confusing the issues and misleading the jury

substantially outweighs the probative value of testimony regarding psychiatric conditions associated with a desire to have sexual contact with children in general and as to the Defendant himself.

4. <u>The Issue of Testimony Regarding the Defendant's Statements to Dr. Berlin Is Moot</u>

The Government independently objects to any attempt by Dr. Berlin to testify as to statements made by the Defendant to Dr. Berlin. Because the Court excludes the entirety of Dr. Berlin's proposed testimony regarding his psychiatric analysis of the Defendant, the Court need not reach this issue.

C. *Dr. Berlin's Proposed Testimony Regarding the Relationship Between Viewing Child Pornography and the Desire to Engage in Sexual Activity with Children Is Inadmissible Under Federal Rules of Evidence 401 and 403*

Finally, Dr. Berlin seeks to testify that "[t]here are individuals who manifest a voyeuristic interest in viewing child pornography, but . . . many of those same persons have never actually been sexually involved with a youngster." Def.'s Notice at 3. The Government objects to this testimony as "wholly irrelevant" insofar as a sexual act involving a child is not an element of the offense under section 2422(b). Gov't Mot. at 19.

In his opposition, the Defendant argues that "Dr. Berlin's expert opinion that the possession of child pornography, in fact, is not predictive of an *interest* to engage in sexual contact with children is necessarily relevant" to rebut the Government's Rule 404(b) evidence regarding child pornography recovered from the Defendant's laptop. Def.'s Opp'n at 17 (emphasis added). The problem with this argument is that the Defendant's notice of expert testimony does not disclose any proffered testimony from Dr. Berlin that viewing child pornography is not associated with an *interest* or desire to engage in sexual conduct with children. The entirety of relevant paragraph from the Defendant's notice states that

22

Dr. Berlin will offer testimony with respect to the role of the Internet as it relates to sexual behavior. There are individuals who manifest a voyeuristic interest in viewing child pornography, but as best can be determined, many of those same persons have never actually been sexually involved with a youngster. An early controversial retrospective study had suggested a high prevalence of "hands-on" offenses among a group of men who had been convicted for accessing child pornography. However, a more recent prospective study found that very few men who had viewed child pornography had subsequently then committed a "hands-on" sexual offense.

Def.'s Notice at 3.

The distinction between the notice of Dr. Berlin's testimony and the Defendant's pleading is significant. As the Ninth Circuit explained in *United States v. Hofus*, 598 F.3d 1171 (9th Cir. 2010),

> The underlying statute requires an attempt to persuade, induce, entice, or coerce a minor to engage in criminal sexual activity. However, . . . there is a difference in attempting to persuade, induce, entice or coerce a minor to engage in sexual activity and actually attempting to engage in sexual activity with the minor. As we explained in *Goetzke*: "The latter is an attempt to achieve the physical act of sex, for which physical proximity is integral. But the former is an attempt to achieve the mental act of assent, for which physical proximity can be probative but is not required."

*Id.* at 1178. On this basis, the *Hofus* court upheld the exclusion of expert testimony as to whether "Hofus was likely to engage in the ultimate sexual activity with the minor." *Id.*

Testimony from Dr. Berlin as to how likely a person viewing child pornography is to commit a "hands-on" offense is marginally relevant to the Defendant's intent in this case. Whatever probative value the testimony might have is substantially outweighed by the risk of confusing and misleading the jury. The evidence regarding child pornography admitted under Rule 404(b) is relevant to show the Defendant is sexually attracted to children, which is probative of his intent to coerce or entice the minors. 1/13/13 Mem. Opin. at 4-6, 8. The proposed testimony from Dr. Berlin confuses and does not rebut the argument from the Government that child pornography evidences a sexual interest in children. Rather, Dr. Berlin's

testimony answers a different question: how likely is a person who views child pornography to actually have sexual contact with a child. Sexual contact with a child is not an element of the offense under section 2422(b), in fact, the offense can be completed *without* any intent to engage in sexual contact with a child. So long as a defendant succeeds in securing the mental assent of the child to engage in the unlawful activity (be it with the defendant or another individual), the offense is complete. *Hofus*, 598 F.3d at 1178. The proposed testimony from Dr. Berlin as to the correlation between viewing child pornography and engaging in sexual conduct with children would simply confuse and mislead the jury as to the relevance of the Rule 404(b) evidence and the *mens rea* it must find the Defendant possessed. The danger of confusing and misleading the jury substantially outweighs the probative value of this opinion, therefore the Court shall preclude the testimony pursuant to Rule 403.

### III. CONCLUSION

For the foregoing reasons, the Court shall preclude Dr. Berlin's proposed expert testimony in full. Dr. Berlin's testimony regarding the Defendant's Internet chats directly opines that the Defendant did not have the relevant *mens rea* required by the statute while committing the offense conduct, and is thus inadmissible pursuant to Federal Rule of Evidence 704(b). The Defendant conceded that Dr. Berlin's opinion that the Defendant has never had sexual contact with a child violates Federal Rule of Evidence 404(a)(1), and the potential for unfair prejudice substantially outweighs the probative value of the testimony. Dr. Berlin's overall opinion that the Defendant does not have the characteristics of any psychiatric disorder associated with a desire to have sexual contact with children is based on two inadmissible opinions, and would confuse and mislead the jury in resolving the relevant issues in this case. Because Dr. Berlin shall not be permitted to testify regarding his diagnosis of the Defendant, Dr. Berlin's proposed

general testimony regarding patterns of behavior associated with a sexual interest in children is irrelevant. Finally, the risk of confusing and misleading the jury substantially outweighs the marginal probative value of Dr. Berlin's proposed testimony regarding the number of child pornography viewers that eventually have sexual contact with children. Accordingly, the Government's [39] Motion *in Limine* to Exclude Testimony from Dr. Fred Berlin is GRANTED.

An appropriate Order accompanies this Memorandum Opinion.


_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE